## McMAHON ET AL. VS. DENNIS.

### COURT OF APPEALS, AUSTIN TERM, 1881.

*Injunction—Jurisdiction of County Courts.*—County judges have no authority to issue an injunction in matters within the jurisdiction of justices of the peace, except it be where the jurisdiction of the County Court had attached by appeal or certiorari ; then the writ may issue in aid of the jurisdiction of the County Court but not otherwise.

Appeal from County Court of Bell County.

Opinion by Watts. Commissioner.

This suit was instituted in the County Court to enjoin a judgment in the justice's court for $18, and an execution issued thereon. There is no averment of damages, nor any matter shown in the petition that would give the County court jurisdiction. The constitution provides that "the county courts or judges thereof, shall have power to issue writs of mandamus, injunction, and all other writs necessary to the enforcement of the jurisdiction of said court." The authority to issue the writ of injunction is confined to matters within the original jurisdiction of the county court, or to such matters as have been brought within the jurisdiction of the court, by appeal or certiorari. It will be observed that the constitution limits the authority to issue the injunction to cases where it is necessary to the enforcement of the jurisdiction of the county court. It has been frequently decided by this court and the Court of Appeals that the county judge has no authority to issue an injunction in matters within the jurisdiction of a justice of the peace, except it be where the jurisdiction of the county court had attached by appeal or certiorari, then the writ may issue in aid of the jurisdiction of the county court, but not otherwise. The writs of injunction cannot be used as a mode of appeal. The county court does not have general supervisory control over justice's courts; it has only appellate jurisdiction to be exercised in the manner provided by law.

It manifestly appears from the record, that the county court had no jurisdiction of the subject matter, and consent cannot give jurisdiction. This is a fundamental error, going to the foundation of the action. As the county court had no jurisdiction, therefore the judgment ought to be reversed and this case dismissed.